UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
CARAVAN, LTD.,

                      Plaintiff,

        -against-

DANA KAY, INC., J.C. PENNEY CO.,
INC., MACY'S and CATHERINE
STORES CORP.,

                      Defendants.
_____x

Case No. 08 Civ. 4781 (GBD)

ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIMS

Defendant Dana Kay, Inc. ("Dana Kay"), Defendant J.C. Penney Co., Inc. ,

Defendant s/h/a Macy's ("Macy's") and Defendant Catherine Stores Corp. ("CSC")

(collectively "Defendants"), by their attorneys, Fogel & Wachs PC, hereby answer the

Complaint of Plaintiff Caravan, Ltd. ("Caravan" or "Plaintiff") as follows:

PARTIES, JURISDICTION AND VENUE

1.  Paragraph 1 of the Complaint contains legal conclusions to which no response

is required.  To the extent any response is required, Defendants deny the

allegations in paragraph 1 of the Complaint.

2.  Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations in paragraph 2 of the Complaint.

3.  Defendants admit the allegations in paragraph 3 of the Complaint.

4.  Defendants deny the allegations in paragraph 4 of the Complaint.

5.  Defendants deny the allegations in paragraph 5 of the Complaint.

6.  Defendants deny the allegations in paragraph 6 of the Complaint, except admit

that Defendant CSC is a Tennessee corporation.

7.  Paragraph 7 of the Complaint contains legal conclusions to which no response

is required.  To the extent any response is required, Defendants deny the

allegations in paragraph 7 of the Complaint.

STATEMENT OF THE CLAIM

8.  Defendants deny the allegations in paragraph 8 of the Complaint, except admit

that Plaintiff is or was a textile converter.

9.  Defendants deny the allegations in paragraph 9 of the Complaint.

10.  Defendants deny the allegations in paragraph 10 of the Complaint.

11.  Defendants deny the allegations in paragraph 11 of the Complaint.

12.  Defendants deny the allegations in paragraph 12 of the Complaint.

13.  Defendants deny the allegations in paragraph 13 of the Complaint, except

Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations as to when plaintiff filed an application for copyright

and admit that a certificate of registration is attached to the Complaint as

Exhibit 1.  Defendants deny that the Plaintiff has a valid copyright.

14.  Defendants deny the allegations in paragraph 14 of the Complaint, except

Defendants admit that Dana Kay purchased fabric from the Plaintiff during the

period alleged and deny that Plaintiff has a valid copyright.

15.  Defendants deny the allegations in paragraph 15 of the Complaint and deny

that Plaintiff has a valid copyright.

16. Defendants deny the allegations in paragraph 16 of the Complaint and deny that Plaintiff has a valid copyright.

17. Defendants deny the allegations in paragraph 17 of the Complaint and deny that Plaintiff has a valid copyright.

18. Defendants deny the allegations in paragraph 18 of the Complaint and deny that Plaintiff has a valid copyright.

19. Defendants deny the allegations in paragraph 19 of the Complaint and deny that Plaintiff has a valid copyright.

20. Defendants deny the allegations in paragraph 20 of the Complaint and deny that Plaintiff has a valid copyright.

21. Defendants deny the allegations in paragraph 21 of the Complaint and deny that Plaintiff has a valid copyright.

22. Defendants deny the allegations in paragraph 22 of the Complaint and deny that Plaintiff has a valid copyright.

23. Defendants deny the allegations in paragraph 23 of the Complaint and deny that Plaintiff has a valid copyright.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff's alleged copyright is invalid.

3. Plaintiff's alleged design is not original.

4. Plaintiff's claims are barred by the doctrine of scenes a faire.

5. Plaintiff's claims are barred by Plaintiff's unclean hands.

6. Plaintiff's claims are subject to offset and/or recoupment by Defendants'

3

counterclaims.

## COUNTERCLAIMS

Defendants-Counterclaim Plaintiffs Dana Kay, JCP, Macy's and CSC hereby

allege and interpose the counterclaims set forth below against Plaintiff-

Counterclaim Plaintiff Caravan.

### Facts Common To All  Counterclaims

1.   Dana Kay sells women's clothing to retailers located in the United States,

such as JCP, Macy's and CSC.

2.   The fabric used to produce Dana Kay's clothing is obtained from various

sources, including fabric suppliers such as Caravan.

3.   After purchasing fabric from Caravan for approximately five years, Dana Kay

stopped doing business with Caravan in 2008.

4.   Dana Kay stopped doing business with Caravan because of various problems

that Dana Kay encountered with fabric it purchased from Caravan, including,

without limitation, quality defects, missed deliveries and late deliveries.

5.   Upon information and belief, the problems Dana Kay encountered with fabric

it purchased from Caravan coincided and were associated with Caravan changing

the factories it used to produce the fabric.

6.   Upon information and belief, Caravan has commenced this action in

retaliation for Dana Kay no longer doing business with Caravan and/or in

anticipation of Dana Kay's claims against Caravan for the damages caused by the

problems Dana Kay encountered with Caravan's fabric.

7.    Caravan's Complaint alleges that Caravan owns a copyright in a fabric design designated as D# 61106, but fails to provide any exhibits depicting the alleged design or other means of visual identification.

8.    Caravan's Complaint also alleges that the Defendants have produced and/or purchased and/or sold fabric and garments that infringe Caravan's alleged copyright, but likewise fails to provide any exhibits depicting the allegedly infringing fabric and garments or other means of visual identification.

9.    After the Defendants were served with the Complaint, Defendants' attorneys requested that Caravan's attorneys provide some form of visual identification of Caravan's allegedly copyrighted design and Defendants' allegedly infringing merchandise.  After initially refusing to do so, Caravan's attorneys eventually provided photographs as e-mail attachments which were said to depict Caravan's allegedly copyrighted design and the allegedly infringing garments.  A copy of the photographs are annexed hereto collectively as Exhibit A.

FIRST COUNTERCLAIM BY ALL DEFENDANTS-COUNTERCLAIM PLAINTIFFS – Declaratory Judgment of Invalid Copyright

10. Defendants-Counterclaim Plaintiffs repeat and re-allege the allegations in paragraphs 1 – 9 of the Counterclaims with the same force and effect as if fully set forth at length herein.

11. Caravan's filing of the Complaint establishes that a present and substantial actual controversy exists as to whether Caravan has a valid copyright in the design depicted in Exhibit A hereto and, if so, whether the Defendants-Counterclaim Plaintiffs have committed copyright infringement and are liable

therefore.

12.  Upon information and belief, the design depicted in Exhibit A hereto is not protectable by copyright under the doctrines of merger and scenes a faire.

13. Upon information and belief, the design depicted in Exhibit A hereto is not an original work of authorship and therefore the copyright is invalid.

14. Upon information and belief, Caravan had full knowledge that the design depicted in Exhibit A hereto was not original but notwithstanding Caravan knowingly and willfully sought copyright registration and commenced this action without basis.

15.  Defendants-Counterclaim Plaintiffs seek a judgment declaring that Caravan's copyright registration annexed to the Complaint as Exhibit 1 is not valid.

16. Defendants-Counterclaim Plaintiffs have been irreparably harmed by Caravan's copyright registration and claims of infringement and have no adequate remedy at law.

SECOND COUNTERCLAIM BY ALL DEFENDANTS-COUNTERCLAIM PLAINTIFFS – Tortious Interference With Prospective Business Relations Under New York Common Law

17. Defendants-Counterclaim Plaintiffs repeat and re-allege the allegations in paragraphs 1 – 16 of the Counterclaims with the same force and effect as if fully set forth at length herein.

18. Caravan has acted purposefully and with malice in attempting to interfere with the business relations of the Defendants-Counterclaim Plaintiffs by attempting to enforce an invalid copyright.

19. Caravan has acted purposefully and with malice in attempting to interfere with the business relations of the Defendants-Counterclaim Plaintiffs by wrongfully claiming that the Defendants-Counterclaim Plaintiffs have infringed the design depicted in Exhibit A hereto.

20. As a result, the Defendants-Counterclaim Plaintiffs have suffered and will continue to suffer monetary losses and immediate and irreparable harm to their business and goodwill, in an amount to be determined at trial, and for which there is no adequate remedy at law.

THIRD COUNTERCLAIM BY DEFENDANT-COUNTERCLAIM PLAINTIFF DANA KAY – Breach of Contract

21. Defendant-Counterclaim Plaintiff Dana Kay repeats and re-alleges the allegations in paragraphs 1 – 16 of the Counterclaims with the same force and effect as if fully set forth at length herein.

22. Pursuant to agreements between Dana Kay and Caravan and industry standards, Caravan was required to make timely delivery of conforming first quality fabric that Dana Kay purchased from Caravan.

23. Caravan breached the agreement and violated industry standards by delivering non-conforming fabric with quality defects, by making late deliveries of fabric and by failing to deliver certain fabric at all.

24. As a result of Caravan's breaches and violations, Dana Kay was caused to suffer and incur damages in an amount to be determined at trial, but believed to exceed $200,000.

PRAYER FOR RELIEF

WHEREFORE, Defendants-Counterclaim Plaintiffs respectfully request judgment

against Caravan as follows:

A.  Dismissing Plaintiff's Complaint in its entirety;

B.  Denying Plaintiff's demand for injunctive relief in its entirety;

C.  Declaring that Plaintiff's alleged copyright in the design depicted in Exhibit

A hereto is not valid;

D.  Declaring that the Defendants have not infringed Plaintiff's alleged copyright

registration annexed to the Complaint as Exhibit 1;

E.  Finding that the Plaintiff has tortiously interfered with Defendants'

prospective business relations;

F.  Finding that the Plaintiff has breached its agreements with Dana Kay and

industry standards;

G.  Awarding Defendants-Counterclaim Plaintiffs compensatory and punitive

Damages;

H.  Awarding Defendants-Counterclaim Plaintiffs their costs and attorney's

fees in this action; and

I.  Granting such other and further relief as the Court finds just and proper.

DATED:  NEW YORK, NEW YORK
        July 16, 2008

                              Respectfully submitted,
                              FOGEL & WACHS PC
                              Attorneys for Defendants-
                              Counterclaim Plaintiffs
                              420 Fifth Avenue – 26th Floor
                              New York, NY  10018
                              (212) 944 – 1580
                              (212) 944 – 1869 (fax)

By:_____s/_____

Louis Fogel (LF 0627)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
CARAVAN, LTD.,

                Plaintiff,

          -against-


DANA KAY, INC., J.C. PENNEY CO.,
INC., MACY'S and CATHERINE
STORES CORP.,

             Defendants.
_____x

Case No. 08 Civ. 4781 (GBD)


       I, Louis Fogel, Esq., hereby declare under penalties of perjury that on July 17, 2008, I served the attached Answer, Affirmative Defenses And Counterclaims upon the attorneys for plaintiff Caravan, Ltd. by first class mail, postage prepaid, as designated by said attorneys, as follows:

     Profeta & Eisenstein
     14 Wall Street, 22nd Floor
     New York, New York 10005-2101


DATED:     NEW YORK, NEW YORK
              July 17, 2008

                        s/
                    _____
                    LOUIS FOGEL (LF 0627)